IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERONICA BUTLER,<br>Wife of ANTHONY BUTLER, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN J. CAVANAUGH,<br>PAM TRANSPORT INC.,<br>CODY N. MCKEE,<br>WADE E. MCCLURE,<br>USA TRUCK INC.,<br>TROY A. COFFELT,<br>FUREX INC.,<br>and<br><br>IVAN M. CHEPYNETS,<br><br>Defendants. | No.<br><br>Jury Trial Demanded<br><br>Personal Injury – Motor Vehicle |

## COMPLAINT

## WRONGFUL DEATH

COMES NOW Plaintiff Veronica Butler, wife of Anthony Butler, Deceased, by and through counsel, and for her cause of action against Defendants Kevin J. Cavanaugh, PAM Transport, Inc., Cody N. McKee, Wade E. McClure, USA Truck Inc., Troy A. Coffelt, Furex Inc. and Ivan M. Chepynets, jointly and severally, and states as follows:

## PARTIES

1. Plaintiff Veronica Butler (hereinafter referred to as "Plaintiff") is the lawful wife of decedent Anthony Butler, is and was at all times mentioned, a citizen and resident of the State of Tennessee, and this action is brought pursuant to Mo.Rev.Stat.§537.080(1).

2. Plaintiff has standing to prosecute this wrongful death action pursuant to the provisions of Mo.Rev.Stat.§573.080(1), commonly known as the "Wrongful Death Act" of Missouri.

3. Defendant Kevin J. Cavanaugh (hereinafter referred to as "Defendant Cavanaugh") resides at 9621 North 16th Avenue, Phoenix, Arizona 85021 and was acting in the scope and course of his employment as an independent contractor driving a 2010 Freightliner tractor-trailer on May 21, 2011. Defendant Cavanaugh's attorney, Kevin Fritz of Lashly & Baer, 714 Locust Street, St. Louis, Missouri 63101, has agreed to accept service of the Complaint.

4. Defendant PAM Transport, Inc. (hereinafter "Defendant PAM Transport") is now and was at all times a duly organized and existing Arkansas corporation that operates in the State of Missouri and elsewhere as an interstate motor carrier. At all times relevant hereto, Defendant PAM Transport was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Cody N. McKee and Defendant Wade E. McClure, each of whom were acting within the scope and course of their employment with Defendant PAM Transport.

5. Defendant Cody N. McKee (hereinafter referred to as "Defendant McKee") is a resident of the State of Arkansas residing at 3201 Kendall Avenue, Fort Smith, AR 72908 and at all times mentioned was operating Defendant PAM Transport's tractor-trailer truck within the scope and course of her employment by Defendant PAM Transport when she committed a tort in the State of Missouri.

6. Defendant Wade E. McClure (hereinafter referred to as "Defendant McClure") is a resident of the State of Arkansas residing at 3581 Highway 371 North, Waldo, AR 71770 and at all times mentioned was operating Defendant PAM Transport's tractor-trailer truck within the scope and course of his employment by Defendant PAM Transport when he committed a tort in the State of Missouri. Christopher Jayaram at Horn, Aylward & Bandy, LLC, 2600 Grand Blvd., Suite 1100, Kansas City, Missouri 64108, attorney for Defendants PAM Transport, Inc., McKee, and McClure, has agreed to accept service of the Complaint.

7. Defendant USA Truck Inc. (hereinafter "Defendant USA Truck") is now and was at all times a duly organized and existing Delaware corporation that operates in the State of Missouri and elsewhere as an interstate motor carrier. At all times relevant hereto, Defendant USA Truck was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Troy A. Coffelt, who was acting within the course and scope of his employment with Defendant USA Truck.

8. Defendant Troy A. Coffelt (hereinafter referred to as "Defendant Coffelt") is a resident of the State of South Dakota residing at 6612 16th Place, Sioux Falls, South Dakota 57106 and at all times mentioned was operating Defendant USA Truck's tractor-trailer truck within the scope and course of his employment by Defendant USA Truck when he committed a tort in the State of Missouri. Joseph Swift, Brown & James, P.C., 800 Market Street, Suite 1100, St. Louis, Missouri 63101, has agreed to accept service of the Complaint for Defendant USA Truck and Defendant Coffelt.

9. Defendant Furex Inc. (hereinafter "Defendant Furex") is now and was at all times a duly organized and existing Illinois corporation that operates in the State of Missouri and elsewhere as an interstate motor carrier. That at all times relevant hereto, Defendant Furex was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Ivan M. Chepynets, each of whom were acting within the scope and course of their employment with Defendant Furex.

10. Defendant Ivan M. Chepynets (hereinafter referred to as "Defendant Chepynets") is a resident of the State of Illinois residing at 915 N. Leavitt, Chicago, IL 60622 and at all times mentioned was operating Defendant Furex's tractor-trailer truck within the scope and course of his employment or agency by Defendant Furex when he committed a tort in the State of Missouri. Christopher Brackman, Franke, Schultz & Mullen, P.C., 8900 Ward Parkway, Kansas City, Missouri 64114 has agreed to accept service of the Complaint for Defendant Furex, Inc. and Defendant Chepynets.

## JURISDICTION

11. Jurisdiction is proper in this Court, as complete diversity exists between the plaintiff and all defendants, the cause of action occurred in the State of Missouri, and plaintiff is seeking damages in excess of $75,000.00.

## VENUE

12. Venue is proper in the United States District Court, Eastern District of Missouri, Eastern Division pursuant to Local Rule 3-2.07 in that the action giving rise to this lawsuit occurred in Phelps County, Missouri.

## FACTS COMMON TO ALL COUNTS

13. That on or about May 21, 2011, Plaintiff's decedent Anthony Butler was a passenger in the sleeper compartment of the tractor-trailer owned by C. R. England, Inc. and then being operated by Defendant Cavanaugh.

14. That at approximately 2:55 a.m., Defendant Cavanaugh was operating the tractor-trailer in a generally eastbound direction on Interstate Highway 44 before its intersection with Route C when it traveled off the side of the roadway, began to overturn, struck a highway sign and post, and the left front side of the cab struck the rear of Defendant PAM Transport's illegally parked tractor-trailer, thereby pushing Defendant PAM Transport's tractor-trailer into collision with Defendant USA Truck's illegally parked tractor-trailer; and the C.R. England Inc. tractor-trailer was then forced into collision with Defendant Furex's illegally parked tractor-trailer.

## COUNT I – WRONGFUL DEATH - NEGLIGENCE

COMES NOW Plaintiff and for Count I of her Complaint against Defendant Kevin J. Cavanaugh for the death of Anthony Butler states:

15. That as a result of his injuries, Anthony Butler was transported to Phelps County Regional Hospital via Air-Evac Life Team helicopter, where he was treated and then was en route to the University of Missouri Medical Center via Air-Evac Life Team helicopter; however, he suffered cardiac arrest and was diverted to Capital Region Medical Center in Jefferson City, Missouri, where he was pronounced dead at 6:06 a.m. on May 21, 2011.

16. That the aforesaid collision and Plaintiff's consequent injuries were caused or contributed to be caused as a direct and proximate result of the negligence and carelessness of Defendant Cavanaugh in the following respects, to wit:

a. Defendant Cavanaugh failed to keep and maintain a constant, careful and vigilant watch and lookout ahead;

b. Defendant Cavanaugh failed to stop, slacken the speed thereof, swerve or sound a warning of his approach and movement;

c. That Defendant Cavanaugh negligently and carelessly violated the rules of the road by failing to slow for traffic;

d. That Defendant Cavanaugh negligently and carelessly violated the rules of the road by losing control of the tractor-trailer and allowing the tractor-trailer to leave the road;

e. That Defendant Cavanaugh negligently and carelessly drove too fast for the conditions;

f. That Defendant Cavanaugh was negligent per se in that RSMo 304.012.1 states in part:

"Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."

g. That Defendant Cavanaugh was negligent per se in failing to keep the tractor-trailer within the boundaries of his lane of traffic violating RSMo 300.200;

h. That Defendant Cavanaugh was negligent per se in failing to keep the tractor-trailer on the roadway violating RSMo 300.200;

i. That Defendant Cavanaugh was negligent per se in failing to travel at a safe rate of speed given the conditions and location in violation of RSMo 300.205;

6

j. That Defendant Cavanaugh negligently and carelessly failed to act after danger of collision was apparent, and when it was known or should have been known that there was a reasonable likelihood that the vehicle would leave the roadway and cause personal injury or even death;

17. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendant Cavanaugh, Anthony Butler was killed.

18. That as a direct and proximate result of the aforesaid negligence and carelessness, Anthony Butler was caused to sustain physical pain and mental and emotional anguish prior to his death.

19. That as a direct and proximate result of the death of her husband Anthony Butler, Plaintiff was required to expend, incur and become indebted for medical and funeral expenses.

20. That as a direct result of the death of her husband Anthony Butler, Plaintiff has forever lost the love, services, companionship, comfort, instruction, guidance, counsel, training and support of decedent for which Plaintiff prays for damages under the "Missouri Wrongful Death Statute" together with all damages which decedent sustained before his death and for which he would have been entitled to recover had he lived.

21. That Defendant Cavanaugh knew or had information from which Defendant Cavanaugh, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

22. That the conduct of Defendant Cavanaugh as described above showed complete indifference to or conscious disregard for the safety of Plaintiff's decedent and others justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant Cavanaugh and to deter Defendant Cavanaugh and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendant Cavanaugh for the death of Anthony Butler for a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for actual damages, for punitive damages, for Plaintiff's costs incurred herein, and for such other and further relief as this Court deems just under the circumstances.

COUNT II – WRONGFUL DEATH - NEGLIGENCE

COMES NOW Plaintiff and for Count II of her Complaint against Defendant PAM Transport, Defendant McKee and Defendant McClure for the death of Anthony Butler states:

23. Plaintiff re-alleges in this Count II the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. That the aforesaid collision and Plaintiff's consequent injuries were caused or contributed to be cause as a direct and proximate result of the negligence and carelessness of Defendant PAM Transport, by and through its employees and agents, Defendant McKee and Defendant McClure, in the following respects, to wit:

a. Defendant PAM Transport's employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure negligently and carelessly parked in an area specifically designated as "no parking";

b. Defendant PAM Transport's employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure violated 49 CFR 392.22 by failing to:

1) Use hazard warning signal flashers;
2) Use any warning devices; and
3) Use any reflective triangles;

c. That Defendant PAM Transport's employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure were negligent per se in that they:

1) Parked Defendant PAM Transport's tractor-trailer in an area specifically designated as no parking in violation of RSMo 300.440, and/or 300.465, and/or 300.470, and/or 300.480, and/or 300.530, and/or 304.024;

2) Parked Defendant PAM Transport's tractor-trailer in a prohibited area in violation of RSMo 300.475;

3) Failed to have lamps visible on Defendant PAM Transport's tractor-trailer in violation of RSMo 300.435, and/or 307.040, and/or 307.110;

4) Failed to activate the vehicular hazard warning signal flashers; failed to place any warning devices and/or reflective triangles and/or fusees and/or liquid burning flares (49 CFR 393.95) while Defendant PAM Transport's tractor-trailer was parked in violation of 49 C.F.R. 392.22.

d. That Defendant PAM Transport did not hire competent, satisfactory, qualified, safety-conscious employees to operate its vehicles;

e. That Defendant PAM Transport misjudged and/or over-estimated the skills of its employees, specifically Defendants McKee and McClure in their ability to drive its vehicles;

f. That Defendant PAM Transport failed to train, educate, direct, prepare, or give guidance to its employees such as Defendants McKee and McClure in the use of its vehicles;

g. That Defendant PAM Transport failed to supervise or oversee its employees such as Defendants McKee and McClure in the use of its vehicles.

9

25. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendant PAM Transport and its employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure, Anthony Butler was killed.

26. That as a direct and proximate result of the aforesaid negligence and carelessness of these Defendants, Anthony Butler was caused to sustain physical pain and mental and emotional anguish prior to his death.

27. That as a direct and proximate result of the death of her husband Anthony Butler, Plaintiff was required to expend, incur and become indebted for medical and funeral expenses and has forever lost the income and earning capacity of her husband.

28. That as a direct result of the death of her husband Anthony Butler, Plaintiff has forever lost the love, services, companionship, comfort, instruction, guidance, counsel, training and support of decedent for which Plaintiff prays for damages under the "Missouri Wrongful Death Statute" together with all damages which decedent sustained before his death and for which he would have been entitled to recover had he lived.

29. That Defendant PAM Transport and its employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

30. That the conduct of Defendant PAM Transport and its employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure as described above showed complete indifference to or conscious disregard for the safety of Plaintiff's decedent and others justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant PAM Transport and its employees, agents,

drivers and/or representatives Defendant McKee and Defendant McClure and to deter them and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendant PAM Transport and its employees, agents, drivers and/or representatives Defendant McKee and Defendant McClure for the death of Anthony Butler for a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for actual damages, for punitive damages, for Plaintiff's costs incurred herein, and for such other and further relief as this Court deems just under the circumstances.

COUNT III – WRONGFUL DEATH - NEGLIGENCE

COMES NOW Plaintiff and for Count III of her Complaint against Defendant USA Truck and Defendant Coffelt for the death of Anthony Butler states and alleges as follows:

31. Plaintiff re-alleges in this Count III the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. That the aforesaid collision and Plaintiff's consequent injuries were caused or contributed to be caused as a direct and proximate result of the negligence and carelessness of Defendant USA Truck, by and through its employee and agent, Defendant Coffelt, in the following respects, to wit:

a. Defendant USA Truck's employee, agent, driver and/or representative Defendant Coffelt negligently and carelessly parked in an area specifically designated as "no parking";

b. Defendant USA Truck's employee, agent, driver and/or representative Defendant Coffelt violated 49 CFR 392.22 and failed to:

1) Use hazard warning signal flashers;
2) Use any warning devices; and
3) Use any reflective triangles;

11

c. That Defendant USA Truck's employee, agent, driver and/or representative Defendant Coffelt was negligent per se in that he:

1) Parked USA Truck's tractor-trailer in an area specifically designated as no parking in violation of RSMo 300.440, and/or 300.465, and/or 300.470, and/or 300.480, and/or 300.530, and/or 304.024;

2) Parked Defendant USA Truck's tractor-trailer in a prohibited area in violation of RSMo 300.475;

3) Failed to have lamps visible on Defendant USA Truck's tractor-trailer in violation of RSMo 300.435, and/or 307.040, and/or 307.110;

4) Failed to activate the vehicular hazard warning signal flashers; failed to place any warning devices and/or reflective triangles and/or fusees and/or liquid burning flares (49 CFR 393.95) while Defendant USA Truck's tractor-trailer was parked in violation of 49 C.F.R. 392.22.

d. That Defendant USA Truck did not hire competent, satisfactory, qualified, safety-conscious employees to operate its vehicles;

e. That Defendant USA Truck misjudged and/or over-estimated the skills of its employees, specifically Defendant Coffelt in his ability to drive its vehicles;

f. That Defendant USA Truck failed to train, educate, direct, prepare, or give guidance to its employees such as Defendant Coffelt in the use of its vehicles;

g. That Defendant USA Truck failed to supervise or oversee its employees such as Defendant Coffelt in the use of its vehicles.

33. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendant USA Truck and its employee, agent, driver and/or representative Defendant Coffelt, Anthony Butler was killed.

34. That as a direct and proximate result of the aforesaid negligence and carelessness of these Defendants, Anthony Butler was caused to sustain physical pain and mental and emotional anguish prior to his death.

12

35. That as a direct and proximate result of the death of her husband Anthony Butler, Plaintiff was required to expend, incur and become indebted for medical and funeral expenses and has forever lost the income and earning capacity of her husband.

36. That as a direct result of the death of her husband Anthony Butler, Plaintiff has forever lost the love, services, companionship, comfort, instruction, guidance, counsel, training and support of decedent for which Plaintiff prays for damages under the "Missouri Wrongful Death Statute" together with all damages which decedent sustained before his death and for which he would have been entitled to recover had he lived.

37. That Defendant USA Truck and its employee, agent, driver and/or representative Defendant Coffelt knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

38. That the conduct of Defendant USA Truck and its employee, agent, driver and/or representative Defendant Coffelt as described above showed complete indifference to or conscious disregard for the safety of Plaintiff's decedent and others justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant USA Truck Inc. and its employee, agent, driver and/or representative Defendant Coffelt and to deter them and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendant USA Truck and its employee, agent, driver and/or representative Defendant Coffelt for the death of Anthony Butler for a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for actual damages, for punitive damages, for Plaintiff's costs incurred herein, and for such other and further relief as this Court deems just under the circumstances.

### COUNT IV – WRONGFUL DEATH - NEGLIGENCE

COMES NOW Plaintiff and for Count IV of her Complaint against Defendant Furex and Defendant Chepynets for the death of Anthony Butler states:

39. Plaintiff re-alleges in this Count IV the allegations of paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. That the aforesaid collision and Plaintiff's consequent injuries were caused or contributed to be caused as a direct and proximate result of the negligence and carelessness of Defendant Furex, by and through its employee and agent, Defendant Chepynets, in the following respects, to wit:

a. Defendant Furex's employee, agent, driver and/or representative Defendant Chepynets negligently and carelessly parked in an area designated as "no parking";

b. Defendant Furex's employee, agent, driver and/or representative Defendant Chepynets violated 49 CFR 392.22 and failed to:

1) Use hazard warning signal flashers;
2) Use any warning devices; and
3) Use any reflective triangles;

c. That Defendant Furex's employee, agent, driver and/or representative Defendant Chepynets was negligent per se in that he:

1) Parked Defendant Furex's tractor-trailer in an area specifically designated as no parking in violation of RSMo 300.440, and/or 300.465, and/or 300.470, and/or 300.480, and/or 300.530 and/or 304.024;

2) Parked Defendant Furex's tractor-trailer in a prohibited area in violation of RSMo 300.475;

3) Failed to have lamps visible on Defendant Furex's tractor-trailer in violation of RSMo 300.435, and/or 307.040, and/or 307.110;

4) Failed to activate the vehicular hazard warning signal flashers; failed to place any warning devices and/or reflective triangles and/or fusees and/or liquid burning flares (49 CFR 393.95) while Defendant Furex's tractor-trailer was parked in violation of 49 C.F.R. 392.22.

d. That Defendant Furex did not hire competent, satisfactory, qualified, safety-conscious employees to operate its vehicles;

e. That Defendant Furex misjudged and/or over-estimated the skills of its employees, specifically Defendant Chepynets in his ability to drive its vehicles;

f. That Defendant Furex failed to train, educate, direct, prepare, or give guidance to its employees such as Defendant Chepynets in the use of its vehicles;

g. That Defendant Furex failed to supervise or oversee its employees such as Defendant Chepynets in the use of its vehicles.

41. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendant Furex and its employee, agent, driver and/or representative Defendant Chepynets, Anthony Butler was killed.

42. That as a direct and proximate result of the aforesaid negligence and carelessness of these Defendants, Anthony Butler was caused to sustain physical pain and mental and emotional anguish prior to his death.

43. That as a direct and proximate result of the death of her husband Anthony Butler, Plaintiff was required to expend, incur and become indebted for medical and funeral expenses and has forever lost the income and earning capacity of her husband.

15

44. That as a direct result of the death of her husband Anthony Butler, Plaintiff has forever lost the love, services, companionship, comfort, instruction, guidance, counsel, training and support of decedent for which Plaintiff prays for damages under the "Missouri Wrongful Death Statute" together with all damages which decedent sustained before his death and for which he would have been entitled to recover had he lived.

45. That Defendant Furex and its employee, agent, driver and/or representative Defendant Chepynets knew or had information from they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury or death.

46. That the conduct of Defendant Furex and its employee, agent, driver and/or representative Defendant Chepynets as described above showed complete indifference to or conscious disregard for the safety of Plaintiff's decedent and others justifying an award of punitive or exemplary damages for aggravating circumstances in such sum which will serve to punish Defendant Furex and its employee, agent, driver and/or representative Defendant Chepynets and to deter them and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendant Furex and its employee, agent, driver and/or representative Defendant Chepynets for the death of Anthony Butler for a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for actual damages, for punitive damages, for Plaintiff's costs incurred herein, and for such other and further relief as this Court deems just under the circumstances.

MOGAB & HUGHES ATTORNEYS, P.C.

By: _____
David G. Hughes  #47676
Richard L. Hughes  #17481
701 Market Street, Suite 1510
St. Louis, Missouri  63101
Telephone:(314) 241-4477
Facsimile:   (314) 241-4475
davidhughes@mogabandhughes.com
richardhughes@mogabandhughes.com

Attorneys for Plaintiff