UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERONICA BUTLER, <br> Wife of Anthony Butler, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN J. CAVANAUGH et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:14-CV-00094-JAR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cody McKee's ("McKee") Additional Motion for Summary Judgment (Doc. 157). The motion is fully briefed and ready for disposition. For the following reasons, McKee's motion will be **GRANTED.**

**I. Background**

The following facts are undisputed.[1] This action arises from a multi-vehicle accident which occurred on the rest area exit ramp near mile marker 178 along eastbound Interstate 44 on May 21, 2011. At approximately, 2:55 a.m., Defendant Kevin Cavanaugh ("Cavanaugh")[2] was operating a tractor-trailer owned by C.R. England east bound on Interstate 44 in Phelps County, Missouri near the intersection with Route C. Cavanaugh exited the roadway, travelling into the grassy area between the interstate lanes of travel and the exit ramp. Once the vehicle operated by

---

[1] *See* McKee's Statement of Undisputed Material Facts (Doc. 157 at 3-5). To the extent that Plaintiff responds to McKee's Statement of Undisputed Material Facts, the Court finds pursuant to Local Rule 4.01 that Plaintiff fails to specifically controvert any of the matters set forth by McKee and therefore these facts are deemed admitted for purposes of summary judgment. *See* Plaintiff's Response to Defendant Cody McKee's Statement of Undisputed Material Facts (Doc. 176 at 3-5). The Court also considered Plaintiff's Statement of Additional Material Facts (Doc. 176 at 6-8), and Ms. McKee's Response to Plaintiff's Statement of Additional Material Facts (Doc. 186 at 3-8) and included those additional material facts supported by a specific citation to the record and in compliance with Local Rule 4.01.

[2] On August 24, 2015, counsel notified the Court that Plaintiff and Defendant Cavanaugh had settled this case as it related to the claims against Cavanaugh. A hearing is scheduled for the approval of the wrongful death settlement between Plaintiff and Cavanaugh on Friday, September 25, 2015 at 10:00 a.m.

Cavanaugh left the asphalt portion of the roadway, it began to overturn. The tractor-trailer struck a highway sign, and struck the rear of a tractor-trailer owned by PAM Transport. As a result of the impact, the tractor-trailer owned by PAM Transport collided with a tractor-trailer owned by USA Truck and operated by Coffelt. The tractor trailer operated by Cavanaugh then proceeded to collide with a tractor-trailer owned by Furex. Plaintiff's decedent, Anthony Butler ("Butler"), was in the sleeper berth of the tractor-trailer operated by Cavanaugh.

McKee and Defendant Wade McClure ("McClure") were tandem drivers of the PAM Transport tractor-trailer. Prior to the accident, McClure was driving the PAM Transport tractor-trailer and McKee was asleep in the sleeper berth. McClure parked the truck on the left side of the entrance ramp and then got out, walked around, and did his log book. After using the restroom, McClure returned to the cab and woke up McKee to initiate a shift change. At the time of the accident, McKee was awake and gathering things that she might need for her shift, including her cell phone, sunglasses, a seat cushion, a ponytail holder, long-sleeved flannel shirt, cigarettes, lighter and an ash tray. McKee had not left the sleeper and had not performed her pre-trip inspection.

McKee filed the current Additional Motion for Summary Judgment (Doc. 157) asserting that Plaintiff cannot make the required showing that McKee either owed any legal duty to Butler or that any alleged actions or inactions by her were the proximate cause of Butler's alleged injuries. Specifically, McKee argues that she was asleep in the sleeper berth of the PAM truck until minutes prior to the collision and McClure independently made the decision to stop in the truck parking area to facilitate a change of drivers.

Plaintiff responds that McKee is not entitled to summary judgment because McKee had a "legal duty to conform to a standard of conduct of parking in authorized areas" (Doc. 176 at 10).

Specifically, Plaintiff argues that McKee was in the course and scope of her employment, that she and McClure had an established practice of parking in unauthorized areas, and that she did not tell McClure on May 21, 2011 or any other time not to park in unauthorized areas (*Id.* at 11). Plaintiff cites to *Wright v. Excalibur Insurance Co.* in support of her assertion that McKee was in the course and scope of her employment. 599 F.2d 50 (5th Cir. 1979). Further, Plaintiff argues, there are genuine issues of material fact as to whether McKee was a passenger at the time of the collision and whether she had assumed responsibility for PAM Transport's tractor-trailer (Doc. 176 at 9).

## II. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or establish "that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. Analysis

In a diversity action for negligence, the Eighth Circuit applies the law of the forum state. *Jordan v. NUCOR Corp.,* 295 F.3d 828, 834 (8th Cir. 2002). "To prove a claim of negligence under Missouri law, a plaintiff must establish that the defendant had a duty to protect the plaintiff

from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." *Lopez v. United States*, 790 F.3d 867, 871 (8th Cir. 2015) (internal quotation marks omitted). "Whether a duty exists is purely a question of law." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 155 (Mo. banc 2000).

An individual operating a motor vehicle on the roads is to exercise the highest degree of care. MO. REV. STAT. § 304.012. *See also Jarrett v. Jones*, 258 S.W.3d 442, 448 (Mo. 2008). "Missouri law provides that a driver has a duty to operate his vehicle at a safe rate of speed under the conditions, keep a careful lookout, yield the right of way, remain on the proper side of the road, not make turns unless making sure they are safe, and take evasive action when possible to avoid a collision." *Lopez*, 790 F.3d at 871-72 (internal quotation marks omitted). "Ordinarily, a passenger in an automobile is only under a duty to exercise ordinary care for his own safety." *Gandy v. Terminal R.R. Ass'n of St. Louis*, 623 S.W.2d 49, 51 (Mo. Ct. App. 1981). *See also Winningham v. Swift Transp. Co.*, 502 F. Supp. 2d 1016, 1020 (W.D. Mo. 2007) ("The only instance in which Missouri law has found that a passenger owes a duty of care to other than himself is in the instructor-student driver situation."). However, "[a] passenger can be held liable for negligent operation of a vehicle also, but only when the passenger demonstrates a 'realistic right of control' of the vehicle." *Steele v. Shelter Mut. Ins. Co.*, 400 S.W.3d 295, 299 (Mo. banc 2013). "[T]he 'realistic right of control' test requires a practical showing of an actual ability to control the driver, beyond a showing of theoretical right of control over the vehicle via ownership." *Id.* at 300 (internal quotation marks omitted).

The Court finds that McKee was not operating the tractor-trailer nor was she demonstrating a realistic right of control of the truck such that the duty required of an individual while operating a vehicle would apply. The undisputed facts establish that McKee was not

operating the vehicle either prior to or at the time of the accident. McClure made the decision to park on the exit ramp while McKee was asleep in the sleeper berth. At some point thereafter, McClure woke up McKee to initiate a shift change. At the time of the accident, McKee was awake and gathering things that she might need for her shift, but McKee had not left the sleeper berth and had not performed her pre-trip inspection. While McKee may have been operating within her scope of employment, nothing in the record suggests that she had taken control of the vehicle. Plaintiff appears to assert that McKee had a legal duty to exercise ordinary care and breached that duty by failing to instruct McClure to move the vehicle and by failing to move the truck herself. However, Plaintiff does not raise these allegations in her Amended Complaint[3] or cite any case law in support of it. In any event, the Court has determined that the duty required of an individual while operating a vehicle does not apply to McKee and, therefore, McKee, as a passenger, was only under a duty to exercise ordinary care for her own safety and owed no duty to Butler, a third party.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Cody McKee's Additional Motion for Summary Judgment (Doc. 157) is **GRANTED.**

A separate judgment will accompany this order.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of September, 2015.

---

[3] In her Amended Complaint, Plaintiff alleges that McKee was "operating Defendant PAM Transport's tractor-trailer truck within the scope and course of her employment" (Doc. 52 at 2-3). Plaintiff further alleges in her Amended Complaint that McKee and McClure negligently and carelessly parked in an area specifically designated no parking and failed to use hazard warning signal flashers, warning devices, or reflective triangles (*Id.* at 9).